IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No. 09-152 |
| | ) | |
| SANDRA MORRIS | ) | |
| RYAN OATS | ) | |
| DAVID McLAWRENCE, | ) | |
| | ) | |
| Defendant. | ) | |

O R D E R

AND NOW, this 10th day of June, 2010, upon consideration of Defendant Sandra Morris' Motion to Suppress Evidence, Motion in Limine to Compel the Government to Provide Defendant with a Statement of Uncharged Misconduct Evidence, and Motion to Produce filed in the above-captioned matter on March 15, 2010, and upon further consideration of the Government's omnibus response thereto, and after consideration of the evidence presented at the May 12, 2010, hearing regarding Defendant's motions,

IT IS HEREBY ORDERED that Defendant Sandra Morris' Motion to Suppress Evidence (document No. 28) is DENIED;

IT IS FURTHER ORDERED that Defendant Sandra Morris' Motion in Limine to Compel the Government to Provide Defendant with a Statement of Uncharged Misconduct Evidence (document No. 29) is DENIED as moot; and

IT IS FURTHER ORDERED that Defendant Sandra Morris' Motion to Produce (document No. 30), to the extent not rendered moot by the Government's disclosures, is GRANTED.

The Defendants, Sandra Morris, Ryan Oats and David McLawrence,[1] are charged at Count One of the indictment with conspiracy to distribute and possess with the intent to distribute 100 kilograms or more of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 846. Defendants are charged at Count Two with conspiracy to launder monetary instruments, in violation of Title 18, United States Code, Section 1956(h). Defendant Sandra Morris challenges two search warrants that were obtained to search a parcel and her residence as well as the admissibility of statements she made to police officers.

On May 12, 2010, the Court held a hearing at which time testimony and evidence were presented in regard to Defendant's Motion to Suppress Evidence. The Government presented the testimony of two witnesses, Sean Grillo and Don Oesterle, and offered three exhibits, which the Court admitted. Defendant, Sandra Morris, testified on her own behalf. On the basis of this evidence and the parties' filings, the Court finds no merit in Defendant's arguments.

---

[1] The warrant authorizing the arrest of Defendant McLawrence has not yet been executed.

I.  **Facts**

On April 7, 2006, after having been alerted by postal officials in Los Angeles, California, postal inspectors at Pittsburgh International Airport intercepted a package addressed to "Dora Charles, 510 Mercer Street, Turtle Creek, Pennsylvania 15145" with a return address of "Annette Charles, 2710 Crecent Hights, LA CA 90035." United States Postal Inspector Sean Grillo, an officer experienced in the investigation and discovery of drug contraband shipped through the mail, observed that the package had been shipped from California, a known source state for drugs coming into Pittsburgh. He also discovered that the return address was fictitious and that Dora Charles, who was named as the recipient, was not known to receive mail at 510 Mercer Street in Turtle Creek, a single family home where Defendant was known to receive mail. Because of the presence of these factors, Postal Inspector Grillo called in a drug detection dog, which positively alerted on the package, indicating the presence of controlled substances.

Inspector Grillo prepared an affidavit of probable cause and a search warrant, which also contained a request for a tracking device for the package. See Hearing Exhibit #1. In his affidavit, Inspector Grillo stated that the dog was "trained to detect controlled substances," that the dog had been "certified since 2003 as a drug detection dog for marijuana, hashish, cocaine, heroin and

methamphetamine" and that the dog "was required to obtain a 100% passing grade in detecting hidden drug samples."

After the warrant was authorized by a federal magistrate judge, postal inspectors opened the package and discovered approximately ten pounds of marijuana, which they identified by observation and experience. A portion of the marijuana and the tracking device were resealed into the parcel, and officers prepared to deliver the package to the Turtle Creek address.

In anticipation of a successful delivery to 510 Mercer Street, Officer Oesterle prepared an affidavit in support of his application for a warrant to search Defendant's residence and seize controlled substances and drug-related evidence. See Hearing Exhibit #2. Officer Oesterle delivered the warrant, his affidavit and a list of items to be searched and seized to the Court of Common Pleas of Allegheny County. A judge authorized the search warrant.

A postal inspector, supported by a search team of approximately eight officers, delivered the package to 510 Mercer Street. Defendant Morris signed the parcel's receipt as "D. Charles" and took the package into her residence. After the tracking device alerted the officers that the package had been opened, they knocked at the door and announced themselves. After a period of time with no response, they forcibly entered the home, finding Defendant Morris coming into the living room. The opened parcel was found in the kitchen with a trail of packing materials

leading to the basement. When officers went to the basement, they found a hole in a wall where, after removing insulation, they found the marijuana. Officers found Defendant Oats locked in the trunk of a car in the garage. Defendant Oats had a white chalky powder on his hands that appeared to come from the drywall behind which the officers had found the marijuana.

After the officers had secured the residence, Officer Grillo showed Defendant Morris a Warning and Waiver of Rights form. See Hearing Exhibit #3. He explained the rights outlined on the form, read it to her and had her read it. Defendant Morris signed the form, acknowledging that she understood her rights and thereby waiving them. She also acknowledged that she had not been pressured or coerced. She then made statements to Officer Grillo about receiving packages addressed to "Doris Charles" and sending money to relatives. Defendant Morris also allowed officers to view her cellphone.

II. **Discussion**

The Defendant seeks to have the Court suppress evidence obtained during the execution of the two warrants and the statements she made during her custodial interrogation. First, Defendant argues that the search warrant obtained to search the parcel was lacking in probable cause because officers failed to establish that the drug detection dog had been properly trained and certified. Second, Defendant argues that the Government failed to supply the

5

fourth page of the warrant to search Defendant's residence, and that, therefore, the Court should suppress the non-controlled substance evidence that was obtained in the search. Third, Defendant argues that statements she made during a custodial interrogation were not obtained pursuant to Miranda safeguards.

The Government argues that both warrants are valid on their faces. In addition, the Government argues that Defendant voluntarily made statements during a custodial interrogation after she was advised of and waived her Miranda rights.

### A. Motion to Suppress Regarding Search of Parcel

The Government argues that the initial warrant for the postal package was supported by probable cause for the following reasons: the return address was non-existent; the addressee, "Doris Charles," was not known to receive mail at 510 Mercer Street, Turtle Creek, PA; when the package arrived in Pittsburgh, a trained drug dog positively alerted to the package, indicating the presence of controlled substances; and California is a source state for controlled substances.

A district court exercises a deferential review of the initial probable cause determination made by the magistrate or district justice. See United States v. Whitner, 219 F.3d 289, 296 (3d Cir. 2000) (citing Illinois v. Gates, 462 U.S. 213, 236 (1983)). A reviewing court must determine only that the issuing authority had

a substantial basis for concluding that probable cause existed to uphold the warrant. Id.

The task of the magistrate or district justice is to make a practical commonsense decision whether, given all the circumstances set forth in the affidavit before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place. Id. A magistrate or district justice may give considerable weight to the conclusions of experienced law enforcement officers regarding where evidence of a crime is likely to be found and is entitled to draw reasonable inferences about where the evidence is likely to be kept, based on the nature of the evidence and the type of offense. See United States v. Hodge, 246 F.3d 301, 207 (3d Cir. 2001) (citing Whitner, 219 F.3d at 296).

Defendant's only argument is that there was no evidence that the drug dog used here was properly trained and certified by its handler. The Court disagrees. In his affidavit, Inspector Grillo stated that the dog was "trained to detect controlled substances," that the dog had been "certified since 2003 as a drug detection dog for marijuana, hashish, cocaine, heroin and methamphetamine" and that the dog "was required to obtain a 100% passing grade in detecting hidden drug samples." Cf. United States v. Rivera, 347 Fed.Appx. 833, 837-39 (3d Cir. 2009) (approving of warrant based on affidavit of probable cause that was silent on drug dog's training and certification). Furthermore, Inspector Grillo

7

only called for the drug dog after gathering a number of facts that raised his suspicions about the package. The dog's positive response corroborated the other facts known to Inspector Grillo, which together were properly included in the probable cause assessment. The Court finds that the information contained in the affidavit presented to the magistrate judge and the normal inferences drawn therefrom provided a substantial basis for concluding that a search would uncover drug-related evidence in the parcel at issue.

Alternatively, the Court finds that even if probable cause was wanting, the evidence obtained through the search of the package is admissible under the good faith exception to the exclusionary rule. See United States v. Tracey, 597 F.3d 140, 150-51 (3d Cir. 2010) (citations omitted). Specifically, the affidavit filed in support of the warrant in this case was not so lacking in indicia of probable cause as to render the officer's belief in its existence entirely unreasonable.

Therefore, Defendant's motion to suppress evidence seized from the parcel is denied.

### B. Motion to Suppress Regarding the Search and Seizure at 510 Mercer Street

Defendant also seeks to suppress evidence obtained during the search of her residence, suggesting that the fourth page of the warrant was never presented to the common pleas judge with Officer Oesterle's affidavit.

The Court finds that the information contained in Officer's Oesterle's affidavit, including the list of items to be searched and seized, provided a substantial basis for the common pleas judge's conclusion that a search of Defendant's residence would uncover drug-related evidence.

In the alternative, the Court finds that even if probable cause was wanting, the evidence obtained through the search of Defendant's residence is admissible under the good faith exception to the exclusionary rule. <u>Tracey</u>, 597 F.3d at 150-51.

Therefore, with regard to the search of her residence, Defendant's motion to suppress is denied.

### C. **Motion to Suppress Regarding Defendant Morris' Statements**

Finally, Defendant moves to suppress statements she made to law enforcement officers.

Voluntariness depends on an assessment of the "totality of all the surrounding circumstances," including "both the characteristics of the accused and the details of the interrogation." <u>Schneckloth v. Bustamonte</u>, 412 U.S. 218 (1973). In <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), the Supreme Court concluded that in the context of custodial interrogations, certain procedural safeguards are necessary to protect a defendant's fifth and fourteenth amendment privilege against self-incrimination. Thus, "unless the government has advised a defendant of his rights, it cannot put into evidence statements stemming from the custodial

interrogation of the defendant." Young v. Patten, 710 F.2d 956, 961 (3d Cir. 1983).

Here, the Court finds that Defendant was advised of her Miranda rights, and, based upon the totality of the circumstances presented at the hearing, that Defendant's waiver of these rights and her subsequent statements were made knowingly, voluntarily, intelligently and without threat or coercion.

III. **Conclusion**

For the reasons set forth herein, the Court finds that both warrants in this case were supported by probable cause. In addition, the Court finds that officers advised Defendant of her rights, that Defendant voluntarily waived those rights and that she voluntarily made statements to police. Therefore, Defendant's Motion to Suppress Evidence is denied in its entirety.

s/Alan N. Bloch
United States District Judge

ecf:    Counsel of record